IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| LARRY WEBER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 05-CV-165-JHP-SAJ |
| | ) | |
| GE GROUP LIFE ASSURANCE COMPANY, | ) | |
| JAMES & ASSOCIATES, E. CLARK | ) | |
| JAMES AND JOHN JAMES, | ) | |
| | ) | |
| Defendants. | ) | |

ORDER

Now before the court is the defendant, GE Group Life Assurance Company's("GE")Motion to Dismiss, Plaintiff's Response to said motion, Defendant's Reply, and Plaintiff's Surreply. Defendant files the instant motion pursuant to Fed.R.Civ.P. 12(b)(6).

A Motion to Dismiss pursuant to Fed.R.Civ.P. 12 (b)(6) may be granted if "it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Ledbetter v. City of Topeka*, *318 F.3d 1183 (10th Cir. 2003)citing* *Conley v. Gibson*, *355 U.S. 41, 45-46 (1957).* The moving party need not demonstrate that plaintiff will not ultimately prevail, but rather need only demonstrate that plaintiff is not entitled to offer evidence to support the claims. *See* *Scheuer v. Rhodes*, *416 U.S. 232, 236 (1974).*

In the instant case, Shelley D. Clark ("Decedent")was an employee of Winner Communications, Inc. ("Winner"), prior to her death on September 9, 2003. Coverage was made available to qualified and eligible employees under certain basic and voluntary supplemental insurance offered as part of an Employee Welfare Benefit Plan. Participation in the various coverage options was subject to the terms of the applicable Certificates of Insurance.

The instant case involves claims of the plaintiff, Larry Weber, the decedent's widower, for benefits allegedly due under GE Group Life Assurance Company's group voluntary life certificate number 049-2358-02 ("Certificate"). Defendant claims the Certificate, which set forth the applicable and mandatory eligibility requirements, was issued by GE to Winner as part of Winner's Employee Welfare Benefit Plan. Plaintiff and GE disagree as to the decedent's eligibility for coverage under the Certificate. Plaintiff exhausted his Administrative Remedies and then filed the instant case.

Within his Complaint, Plaintiff has asserted only state law claims against GE, including breach of contract, promissory estoppel and bad faith breach of contract. The fourth count of the Complaint asserts allegations of breach of an agent's duty. Defendant asserts that as part of an Employee Welfare Benefit Plan, claims made under the Certificate are governed by the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. sections 1001, et seq.

Employee benefit plans are governed by ERISA. See *Metropolitan Insurance Company v. Taylor*, 481 U.S. 58 (1987); *Pilot Life Insurance Company v. Dedeaux*, 481 U.S. 41 (1987). See also 29 U.S.C. section 1002(1)(A)(1982)*(any plan established or maintained by an employer for the purpose of providing benefits in the event of death is an employee benefit plan for purposes of ERISA)*.

Certain plans are exempt from ERISA's umbrella based on the limited involvement of the employer. This is commonly referred to as the "safe harbor" provision. *See 29 C.F.R. 2510.3-1(j)*. Defendant argues the plan at issue in this case does not satisfy the requirements of the safe harbor provision and therefore remains governed by ERISA. Plaintiff contends the voluntary coverage is a "stand-alone" policy which is not connected with the other employee benefits offered by Winner.

In order to fall within the safe harbor provision and be exempt from ERISA, a program must meet each of the following criteria:

    1.    No contribution is made by the employer;
    2.    Participation in the program is completely voluntary for the employee;
    3.    The sole functions of the employer are to permit the insurer to publicize the program to employees and to collect premiums through payroll deduction; and
    4.    The employer received no consideration in connection with the program.

*Id*. To be excluded from ERISA, a plan must meet each of these four factors. *Gaylor v. John Hancock Mutual Life Ins. Co.*, 112 F.3d 460, 463 (10th Cir. 1997).

Defendant argues there is no need to look beyond the first safe harbor factor to conclude that the provision does not apply in this case. This factor states that the employer may not make contributions to the program, including the payment of premiums. While Winner did not pay premiums for the voluntary coverage, it did fund other coverage.  For purposes of determination of ERISA application, Plaintiff may not sever the funded coverage from that which was not funded. *See Gaylor v. John Hancock Mutual Life Ins. Co.*, 112 F.3d at 463.

Although the Certificate of Insurance provides voluntary life coverage, it is offered in conjunction with the same plan, which provides basic medical, dental, vision, life/accidental death and dismemberment and long term disability coverage.  While Plaintiff argues the decedent's optional coverage was not part of the Certificate, the optional coverage was issued to Winner Communications, Inc., as the policyholder, on April 8, 2003 (Supplemental Brief in Support of  Defendant's Motion to Dismiss, Ex. A, at 4). Further, when the voluntary life coverage was obtained, Winner indicated on the New Business Enrollment Form that the company was currently insured with GE, that Winner agreed to remit the premiums as they became due, that Winner requested the insurance be provided in accordance with the employer's specifications for group insurance, and that Winner designated GE as the claim fiduciary for purposes of ERISA  (Supplemental Brief in Support of  Defendant's Motion to Dismiss, Ex. A, at 4). Winner also determined which employees were eligible for coverage and selected the options for age reduction, premium waiver and

accelerated living benefits, all of which not only affected the coverage being offered, but also the premiums being charged. Additional information on the Enrollment Form demonstrates that Winner had more than just a passive role in the administration of this plan. On the first page of the Form GE states that an Administrative Guide was to be sent to Winner, the employer.

Therefore, the court finds the long term disability coverage is not an isolated plan.  It is part of the employer's overall employee welfare benefit plan. Since the employer paid the premiums for some of the coverage offered under this Program, ERISA applies to all of the coverage.  *Gaylor v. John Hancock Mutual Life Ins. Co.*, 112 F.3d at 463, citing *Smith v. Jefferson Pilot Life Ins. Co.*, 14 F.3d 562, 567 (11th Cir.), cert. denied, 513 U.S. 808 (1994); see also *Glass v. United of Omaha Life Ins. Co.*, 33 F.3d 1341, 1345 (11th Cir. 1994).   This includes the voluntary life coverage at issue in this case.

Finding that the safe harbor provision has not been met, there are five additional criteria to be evaluated in order to determine whether the employer established an employee welfare benefit plan that is governed by ERISA. *Id*. at 464. See also *Simpa v. Massachusetts Cas. Ins. Co.*, 256 F.3d 1006, 1009 (10th Cir. 2001). This requires a court to consider whether there exists;"(1) a 'plan, fund or program' (2) established or maintained (3) by an employer (4) for the purpose of providing health care or disability benefits (5) to participants or their beneficiaries." *Gaylor*, 112 F.3d at 464.

A "plan, fund or program" exists when, from the surrounding circumstances, a reasonable person can determine the intended benefits.  *Id*.  In this case, the benefits are the voluntary life benefits, the class of beneficiaries are the eligible employees of Winner, the source of financing is the policy issued by GE and the procedures for receiving benefits are detailed in the Certificate of Insurance.  Accordingly, a plan exists.

The next issue to be addressed is whether the employer "established or maintained" the plan. *Id*.  This determination is

made by analyzing the "degree of participation by the employer in the establishment or maintenance of the plan." _Id_.  While the purchase of insurance does not conclusively establish a plan, "it is evidence of the employer's intention to establish a plan." _Id_. In the instant case, the intention of the employer to establish a plan is further confirmed by its inclusion of the voluntary life coverage in the Employee Welfare Benefit Plan. _Id_. _Gaylor_ recognized that when an employer offers several different kinds of insurance in a comprehensive program it is "strong evidence" that the employer has adopted an ERISA plan. _Gaylor_, 112 F.3d at 464-65.  These facts are present in this case. Therefore, the court finds Winner established an employee welfare benefit plan that is governed by ERISA.

Finally, the Court finds Plaintiff's state law claims are preempted by ERISA. _Moffet v. Haliburton Energy Services_, *291 F.3d 1227 (2002)*.

Accordingly, the court finds this action is governed by ERISA; Plaintiff is granted twenty (20) days to file an Amended Complaint.

**IT IS SO ORDERED** this 18th day of August 2005.

James H. Payne
United States District Judge
Northern District of Oklahoma